IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE QUALITY SOLUTIONS, LLC, *doing business as*, Boss Rail Car Movers, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 4:23-CV-00221-DGK |
| PACIFIC RIM CAPITAL, INC. ) ) | |
| Defendants. ) | |

## ORDER ON VARIOUS MOTIONS

This case concerns a contract dispute between Plaintiff Innovative Quality Solutions, LLC ("IQS") and Defendant Pacific Rim Capital, Inc. ("Pacific Rim"). Now before the Court is IQS's Motion to Remand (ECF No. 10); IQS's Motion for an Extension of Time to Respond to Pacific Rim's Counterclaim and to Conduct a Rule 26(f) Conference (ECF No. 11); and Pacific Rim's Motion for Leave to Conduct Limited Expedited Jurisdictional Discovery (ECF No. 12).

For the reasons stated below, Pacific Rim's Motion for Leave to Conduct Limited Expedited Jurisdictional Discovery is GRANTED, and IQS's Motion for an Extension is GRANTED IN PART, as all deadlines are hereby STAYED pending limited discovery.

On February 6, 2023, IQS brought suit against Pacific Rim in the Circuit Court of Jackson County, Missouri. On April 4, 2023, Pacific Rim removed this action pursuant to diversity jurisdiction under 28 U.S.C. § 1332. In its notice of removal, Pacific Rim stated it qualifies as a citizen of California, since it is a California corporation with its principal place of business in California. *See* Notice of Removal at ¶12, ECF No. 1. Pacific Rim also stated the following about IQS's citizenship:

> 8. IQS is a limited liability company organized under Missouri law, with its principal place of business at 4116 Doctor Greaves Rd., Grandview, Missouri 64030. *See* Ex. A, Pet., ¶ 1.
> 9. IQS did not allege in its Petition that any of its members are citizens of any states other than Missouri.
> 10. Accordingly, on information and belief, all members of IQS are citizens of Missouri.
> 11. On further information and belief, and based on Pacific Rim's reasonable investigation, none of IQS'[s] members is a citizen of California.

*Id.* ¶¶ 8–11.

On April 12, 2023, Pacific Rim filed its answer and a counterclaim for negligence against IQS. *See* Answer, ECF No. 5. IQS's response to Pacific Rim's counterclaim was due May 3, 2023. The Court also instructed the parties to conduct a Rule 26 conference by May 8, 2023. *See* Rule 16 Notice, ECF No. 4. Both deadlines have passed.

On May 2, 2023, IQS filed its Motion to Remand, alleging there is no diversity of citizenship between the parties. *See* Pl.'s Mot. to Remand, ECF No. 10. According to IQS, one of its four members—specifically, the Ying Family Grandchildren Trust ("YFG Trust")—is a citizen of California. And since Pacific Rim is also a citizen of California, diversity does not exist. IQS believes an award of fees is appropriate in addition to remanding the case because "Pacific Rim conducted no discovery on the citizenship issue and chose instead to remove this case with no factual basis." *Id.* at 4.

One day later, on May 3, 2023, IQS filed its Motion for Extension of Time to Respond to Pacific Rim's Counterclaim and to Conduct the Rule 26(f) Conference. *See* Pl.'s Mot. for Extension, ECF No. 11. IQS requests that it be allowed to respond to Pacific Rim's counterclaim and conduct the Rule 26(f) conference up to and including 10 days after the Court rules on its pending Motion to Remand. IQS also states Pacific Rim "would only agree to the requested

2

extension if IQS agreed to unnecessary and overburdensome discovery into the citizenship of IQS." *Id.* at ¶13. IQS believes any discovery is unnecessary since it "has [already] provided this Court with the only information necessary to determine whether diversity of jurisdiction exists[,]"[1] and, regardless, "it is Pacific Rim's burden, not IQS's burden, to establish this Court's jurisdiction." *Id.* at ¶14 & n.1.

Pacific Rim addresses these issues in its Motion for Leave to Conduct Limited Expedited Jurisdictional Discovery. *See* Df.'s Mot. for Limited Disc., ECF No. 12. First, Pacific Rim determined IQS's citizenship for removal purposes "based on its best good-faith belief at the time" given the following: (1) IQS failed to assert the citizenship of its members or even name its members in its original state court complaint; (2) after conducting its own investigation, Pacific Rim discovered IQS's member information was not publicly available; (3) IQS did not inform Pacific Rim about its California citizenship until three weeks *after* Pacific Rim filed its notice of removal; and (4) IQS has not filed either its Federal Rule of Civil Procedure 7.1 statement or the entity disclosure statement required by the Court's Rule 16 Notice, which was due on April 20, 2023. *See id.* at 2–3. At bottom, Pacific Rim believes IQS's request for fees is disingenuous, and its two motions before the Court largely misconstrue Pacific Rim's conduct to date.

Moving to its request for limited discovery, Pacific Rim states this would quickly confirm IQS's citizenship. And in the event the discovery reveals IQS is in fact a California citizen, it "would likely consent to IQS'[s] Motion to Remand, thus avoiding further briefing and conserving both the parties' and the Court's resources." *Id.* at 3. The Court agrees.

---

[1] Referring to the Declaration of John L. Ying—the founder and majority owner of IQS—stating that the YFG Trust qualifies as a citizen of California. *See* Ex. A, ECF No. 10-1.

Courts routinely permit limited discovery for the purpose of ascertaining citizenship of entities to establish jurisdiction. *See, e.g.*, *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964–65 (8th Cir. 2016). Thus, Pacific Rim may conduct limited discovery related directly to the issue of YFG Trust's citizenship. Pacific Rim is limited to two (2) interrogatories, two (2) requests for admissions, and three (3) requests for production concerning the following documents:

- The trust instrument itself (including all amendments);

- Non-privileged documents and communications concerning the formation of the trust and appointment of the trustee and designation of beneficiaries (including whether the trustee and beneficiaries have changed over time and, if so, when); and

- Documents establishing citizenship of the trustee and beneficiaries.

*See* Df.'s Mot. for Limited Disc. at 5. Pacific Rim shall serve its discovery requests on IQS on or before May 11, 2023. IQS shall respond on or before May 25, 2023. No depositions shall be conducted without leave of court. Defendant's Motion for Limited Discovery is, thus, GRANTED.

While the parties conduct limited discovery, all deadlines in this case—including IQS's deadline to respond to Pacific Rim's counterclaim and to conduct a Rule 26(f) conference—are hereby STAYED. The parties shall file a status update with the Court on or before May 30, 2023. The Court will defer ruling on IQS's Motion to Remand until after limited discovery is complete and IQS's citizenship is determined.

Lastly, as best the Court can tell, some of the allegations within the parties' motions infringe on Local Rule 37.1. While the Court will not address such issues at this time, the parties are hereby warned that any and all discovery disputes shall fully comply with L.R. 37.1.

**IT IS SO ORDERED.**

Date:  May 9, 2023                         /s/ Greg Kays
                                           GREG KAYS, JUDGE
                                           UNITED STATES DISTRICT COURT