IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| INNOVATIVE QUALITY SOLUTIONS, LLC, *doing business as*, Boss Rail Car Movers, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 4:23-CV-00221-DGK<br>) |
| PACIFIC RIM CAPITAL, INC. | )<br>) |
| Defendant. | )<br>) |

## ORDER REMANDING CASE BACK TO STATE COURT

This case concerns a contract dispute between Plaintiff Innovative Quality Solutions, LLC ("IQS") and Defendant Pacific Rim Capital, Inc. ("Pacific Rim"). On February 6, 2023, IQS brought suit against Pacific Rim in the Circuit Court of Jackson County, Missouri. On April 4, 2023, Pacific Rim removed this action pursuant to diversity jurisdiction under 28 U.S.C. § 1332. Now before the Court is IQS's Motion to Remand. ECF No. 10.

### I. IQS's Motion to Remand is Granted.

IQS argues this case should be remanded because there is no diversity of citizenship between the parties. Specifically, that one of its four members—the Ying Family Grandchildren Trust ("YFG Trust")—is a citizen of California, and because Pacific Rim is also a citizen of California, there is no diversity. Pacific Rim moved for limited discovery to confirm YFG Trust's citizenship, stating it would likely consent to the motion to remand if IQS was in fact a California citizen. Df.'s Mot. for Limited Disc. at 3, ECF No. 12. The Court ordered limited discovery into IQS's citizenship. *See* Order, ECF No. 14.

After conducting limited discovery, Pacific Rim agrees that a motion to remand is proper. *See* Df.'s Status Report, ECF No. 19. Accordingly, this case is REMANDED to the Circuit Court of Jackson County, Missouri.

## II. The Court will not award fees and costs under 28 U.S.C. § 1447(c).

In its motion to remand, IQS requests an award of "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal" under 28 U.S.C. § 1447(c) because "Pacific Rim conducted no discovery on the citizenship issue and chose instead to remove this case with no factual basis." Mot. to Remand at 4. However, after limited discovery, IQS filed a status report requesting the Court grant its motion to remand and award "such other relief as the Court deems proper." Pl.'s Status Report, ECF No. 20. So, it is unclear whether IQS still requests fees and costs under § 1447(c). Nonetheless, assuming IQS still requests such fees and cost, the request is DENIED.

The decision to award fees and costs under § 1447(c) rests in the Court's discretion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1147(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. In determining whether the removing party lacked an objectively reasonable basis for removal, the Court does not consider the removing defendant's motive, but instead considers "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (quotation omitted). The Court "may take into consideration 'a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction' in deciding whether to award attorney's fees." *Id.* (quoting *Martin*, 546 U.S. at 141).

Here, Pacific Rim reasonably believed it had the right to remove for several reasons, including the fact IQS's member information was not publicly available and IQS did not inform Pacific Rim about its California citizenship until three weeks after Pacific Rim filed its notice of removal. *See* Df.'s Mot. for Limited Disc. at 3. Pacific Rim's belief was not objectively unreasonable. Thus, the Court exercises its discretion and refuses to award IQS fees and costs under § 1147(c).

**IT IS SO ORDERED.**

Date:  May 31, 2023 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT